# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM JOSEPH JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | NO. CIV-11-178-D |
| | ) | |
| JUSTIN JONES, DIRECTOR, | ) | |
| | ) | |
| Respondent. | ) | |

## **O R D E R**

Petitioner, a state prisoner appearing through appointed counsel, seeks habeas corpus relief pursuant to 28 U. S. C. § 2241, alleging that his current sentence violates his constitutional rights. His allegations are based on the manner in which his sentence was determined after he was re-incarcerated upon a finding that he violated his parole. He contends that 1) Oklahoma lost jurisdiction to re-incarcerate him when it allegedly released him on parole to serve a consecutive sentenced imposed by the State of Washington; and 2) the Oklahoma Department of Corrections ("DOC") erred in its calculation of his sentence by refusing to allow "street time" credits in connection with a parole revocation and by failing to apply jail time credits to another state sentence.

In accordance with 28 U. S. C. § 636(b)(1)(B) and (C), the matter was initially referred to United States Magistrate Judge Valerie K. Couch and, subsequently, to United States Magistrate Judge Shon T. Erwin. Because she determined the record of Petitioner's incarceration and sentencing history was incomplete, Magistrate Judge Couch issued an order directing the DOC to expand the record by providing additional documentation, including but not limited to the manner in which street time and jail time was calculated. The DOC complied but, after the matter was transferred to Judge Erwin, he determined that the record remained unclear. As a result, he

conducted an evidentiary hearing after appointing counsel to represent Petitioner.

On May 23, 2013, after conducting the evidentiary hearing and reviewing the documentation and the parties' respective briefs, Judge Erwin filed a Report and Recommendation [Doc. No. 40] in which he recommended that the Petition be denied. Because Petitioner timely objected, the matter is reviewed *de novo.*

The background of this matter, including Petitioner's criminal history and several sentences imposed since 1981, is explained in detail in the Report and Recommendation at pages 4 through 12. The Court will not repeat the historical facts, but adopts that portion of the Report and Recommendation as though fully set forth herein. Judge Erwin determined that the facts in the exhibits submitted by the parties, supplemented by the information presented at the evidentiary hearing, presented an accurate record of the manner in which street time and jail time were calculated. However, after reviewing the facts in light of the governing law, Judge Erwin determined that, even if there were errors in the calculation of street time or jail time credits, such errors are not properly considered in a federal habeas corpus action.

With respect to Petitioner's first stated ground for habeas relief, he contends that the 2002 parole revocation by Governor Frank Keating, which allowed Petitioner to continue serving a suspended sentence in the State of Washington, constituted a pardon. As a result, he contends the State of Oklahoma lost jurisdiction over him and had no authority to later revoke his parole in 2009.

As the Magistrate Judge concluded, this contention was raised by Petitioner in an application for post-conviction relief, and the contention was rejected by the Oklahoma Court of Criminal Appeals. That court found that the parole revocation was not a pardon. It was, instead, a revocation of his parole, and the State committed no error. *See* Report and Recommendation at pages 17-18.

2

Magistrate Judge Erwin concluded that the record demonstrates Petitioner's claim in this ground for relief is not cognizable in a federal habeas action because it constitutes a question of state law. Petitioner challenges the scope of the authority of the State of Oklahoma regarding parole, parole revocation, and supervised probation when other state convictions are involved. As explained in detail in the Report and Recommendation, questions regarding the proper application of state law are not grounds for federal habeas relief. *Overturf v. Massie*, 385 F.3d 1276, 1279 (10th Cir. 2004); *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Accordingly, the Magistrate Judge correctly determined that habeas relief must be denied as to Petitioner's initial contention.

Magistrate Judge Erwin reached the same conclusion with respect to Petitioner's second basis for habeas relief. In that ground for relief, Petitioner argues the DOC has failed to properly credit street time and jail time, and he contends the correct calculation would reduce the duration of his incarceration. As the Magistrate Judge correctly concluded, however, matters related to a sentence for a state conviction are governed by state law and "do not raise federal constitutional questions." *Ballard v. Franklin,* 463 F. App'x 732, 735 (10th Cir. 2011) (unpublished) (citing *Harris v. Dep't of Corrections*, 426 F. Supp. 350, 352 (W.D. Okla. 1977); *Johnson v. Oklahoma*, 382 F. App'x 755, 756 (10th Cir. 2010) (unpublished). More specifically, whether jail time or other available credits are properly allocated is a matter of state law. *Litteral v. Marshall*, 437 F. App'x 749, 741 (10th Cir. 2011) (unpublished); *Newell v. Page*, 280 F. Supp. 203, 204 (N.D. Okla. 1968).

The Court agrees with the Magistrate Judge that, under the governing law, the claims asserted by Petitioner are not cognizable in a federal habeas action. Accordingly, habeas relief must be denied as to Petitioner's second claim.

In objecting to the Report and Recommendation, Petitioner[1] does not challenge this authority. Instead, he argues that the Magistrate Judge found no facts against Petitioner as a result of the evidentiary hearing. He argues that the evidence should thus be construed as supporting his claim for habeas relief. The Court disagrees. It is apparent from the record that the purpose of the evidentiary hearing was to obtain additional information regarding Petitioner's various state court sentences and the manner in which the DOC had calculated his term of incarceration. The hearing was designed to supplement the record submitted by the parties in documents attached to their various submissions. That the Magistrate Judge ultimately determined the merits of Petitioner's claim on the basis of legal issues rather than factual determinations does not warrant rejection of the Report and Recommendation.

Accordingly, the Report and Recommendation [Doc. No. 40] is adopted as though fully set forth herein. For the reasons explained in the Report and Recommendation, Petitioner has not presented a cognizable claim for federal habeas relief, and the petition is DENIED.

IT IS SO ORDERED this 26th day of July, 2013.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] Although Petitioner's appointed counsel filed objections on his behalf, Petitioner separately filed objections to the Report and Recommendation. Because he is represented by counsel, the Court need not consider his separate argument. In any event, it provides no authority that would warrant rejection of the Report and Recommendation. Following the filing of objections, Petitioner filed a motion [Doc. No. 44] asking that he be permitted to proceed *pro se*. The motion is denied, as the record reflects no basis for authorizing him to do so.